# Exhibit B
## Documents filed in the State Court Action

Electronically Filed - Platte - July 14, 2021 - 11:48 AM

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| **L. KOVAL** | ) | |
| 10723 N. Stark Ave. | ) | |
| Kansas City, MO. 64157 | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MAXIMUS, INC.** | ) | |
| 7930 NW 110th St. | ) | |
| Kansas City, Missouri 64153 | ) | |
| | ) | |
| Serve: Rudolph WE Kruse | ) | |
| 600 Emerson Rd. Suite 124 | ) | |
| Creve Coeur, Missouri 63141 | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**PETITION**</u>

**I. Preliminary Statement**

1.     COMES NOW, Plaintiff, L. Koval, by and through her attorneys of record, Kevin Baldwin, Eric Vernon, Sylvia Hernandez, and Robin Koogler of Baldwin & Vernon, and brings this cause of action against Defendant Maximus, Inc., hereinafter referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees in accordance with R.S.M.o §213 *et. seq*., and under Missouri Common Law for Defendant Company's conduct and actions taken against Plaintiff.

**II. Jurisdiction**

2.     Plaintiff is alleging claims of employment discrimination and retaliation under the Missouri Human Rights Act (MHRA), 213.010, *et seq*., R.S.MO., for discrimination based upon her sex/gender, national origin, hostile work environment, and retaliation.

3.     Jurisdiction is invoked pursuant to §213.010 *et seq*. R.S.MO.  A Right-To-Sue letter was

1

issued by the Missouri Commission on Human Rights (MCHR) on June 23, 2021. The Right-To-Sue Letter, including a copy of Plaintiff's original charges filed with the Equal Employment Opportunity Commission and the MCHR, is attached hereto as exhibit 1 and the facts and circumstances stated therein are hereby incorporated as if fully set forth herein.

4. The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages, pursuant to §213.010 *et seq*. R.S.MO. Costs and attorneys' fees may be awarded pursuant to §213.010 *et seq*. R.S.MO. and are requested by Plaintiff.

**III. Venue**

5. This action properly lies in the Circuit Court of Platte County, Missouri, at Independence, pursuant to §213.010 *et seq*. R.S.MO., because the claim arose in this judicial district, and because unlawful employment practices were committed in this judicial district.

**IV. Parties**

6. Plaintiff is a resident of the United States residing at 10723 N. Stark Ave. Kansas City, MO 64157.

7. Defendant Maximus, Inc., hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Platte County, Missouri, at relevant times referred to herein, and specifically at 7930 NW 110th St. Kansas City, MO 64153. Defendant Company is an employer

Electronically Filed - Platte - July 14, 2021 - 11:48 AM

within the meaning of §213.010, *et seq*., R.S.MO. Defendant Company is subject to the MHRA's prohibition on employment discrimination and retaliation for its employees.

8.  Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights to no avail and exhausted all required administrative procedures prior to filing this Petition for Damages.

**V. Facts Common to All Counts**

9.  Plaintiff, L. Koval, is a 37-year-old female, who worked for Maximus, Inc. ("Defendant Company") from December 31, 2019, to October 15, 2020.

10. Plaintiff was subjected to discrimination based on her national origin, was retaliated against for reporting such discrimination and was subjected to a hostile work environment.

11. On or about December 31, 2019, there were 5 employees in Plaintiff's department, Daria (female), Ram Azawi (male), Munier Parisi (male), and Caio Maciel (male).

12. At first, everyone in the department got along well.

13. Then, the sexual harassment, unprofessional behavior and use of profane language began taking place.

14. Ram spoke of women as "second class" citizens, based on his world view as a man from the middle east. He used crude language to describe females and female body parts.

15. Ram essentially spoke of women as sex objects.

16. These conversations were completely inappropriate for the workplace and constituted sexual harassment and sex discrimination.

17. Caio talked about a Brazilian game that involves playing with soap in a tub, naked with two partners.

18. The first person that gets ahold of the soap wins.

19. Caio asked Plaintiff if she wanted to play "soap," which again was inappropriate for the workplace.

20. Plaintiff told Ram and Caio that these comments were utterly disrespectful and inappropriate.

21. Plaintiff did not report these actions to Human Resources immediately because she was a new employee and did not want to start any trouble.

22. Ram is a womanizer and his world views about women and their role in life disgusted and offended Plaintiff.

23. Plaintiff would get in heated debates with Ram regarding these issues.

24. Apparently, this turned Ram on to liking Plaintiff.

25. Plaintiff rejected Ram after he approached Plaintiff and asked for a date, and in retaliation, he co-conspired with two of our co-workers, Caio and Munier, to make Plaintiff's life miserable at work.

26. In February of 2020, Ram told Plaintiff that all he needs is one kiss to know if she is "the one."

27. Ram would comment when Plaintiff bent over to pick something up, "can you pick something else up" indicating that he enjoyed the sight of Plaintiff's rear-end.

28. Ram would also say things to Plaintiff like, "how long did it take you to get ready today, you look like it took you 30 minutes," implying that Plaintiff looked awful.

29. In April of 2020, Adonis Williams (former manager) became aware of the tension in the department, Plaintiff complained by saying what she was being subjected to and that the

4

environment was becoming toxic. Adonis response to Plaintiff's complaint completely dismissed her allegations by saying, "I think he [meaning Ram] likes you."

30. Caio would approach Plaintiff on a number of occasions to try to convince her to give Ram a chance.

31. In retaliation for Plaintiff's continued denials, her coworkers would refuse to cooperate with her, which affected work production.

32. Plaintiff was dismissed by her coworkers throughout the contract.

33. Plaintiff's numbers for the day would be "accidentally removed" and not make the team production. Plaintiff was the only person that this would happen to.

34. In the end of May 2020, Sara and Joanna, the newer team members, were approached by Munier who told them to pick either "Plaintiff's side" or "our side."

35. When they did not agree with Munier, the women were ignored and experienced dismissiveness, just like Plaintiff.

36. Nearly every day, Caio exhibited obnoxious and bizarre behavior including angry outbursts, cussing and threats.

37. Ram, Munier and Caio would take turns going to HR to file reports against Plaintiff on a daily basis. This was confirmed by Bev and Whitney in HR.

38. In June of 2020, Plaintiff had a meeting with Ken, Loretta and Zainab where Plaintiff shared all of her complaints aside from the sexual harassment.

39. Plaintiff shared the hostility and the toxic behavior and reported that Ram, Caio and Munier would crucify her if they could, simply because she is a woman and has a strong leadership personality.

40. Ken and Loretta indicated that Plaintiff could come to them if she ever needed anything and that they would support her.

41. Ken and Loretta told Plaintiff that no one should feel like that at work.

42. Ken encouraged Plaintiff to apply for Adonis' position as Adonis spoke highly of Plaintiff.

43. Ken directed Plaintiff to go to KANMO Human Resources in the future.

44. On or about June 30, 2020, a new policy was put into effect stating that anyone who travelled out of state would have to quarantine for 14-days due to COVID-19.

45. Caio harassed the HR department regarding whether Plaintiff had left the state and where she had gone.

46. Caio created the narrative that Plaintiff was putting the department in danger due to not quarantining, making the assumption that Plaintiff had left the state.

47. In July of 2020, Plaintiff went to HR and explained the hostile work environment and that she was being harassed by the men in her department.

48. Whitney (HR) later told Plaintiff, "You are brave to come to work with a smile, in the midst of all you have endured."

49. In August of 2020, Ram told Joanna again how he wants to kiss Plaintiff, which made her feel uncomfortable.

50. Joanna complained to HR multiple times that Plaintiff was being harassed.

51. Caio openly expressed that if Plaintiff applied for the vacant Quality OP Manager position, he would not respect her and would even quit his job.

52. Instead, they all backed Jasmine, Ram's romantic partner, in applying for the position.

53. This was a conflict of interest and was reported to HR by several team members.

54. HR did not take notes or investigate the complaints of hostile work environment.

55. Plaintiff happens to be of a different national origin, Ukrainian/Russian, which can explain why Defendant Company HR completely ignored her complaints and did not take her seriously.

56. At the end of August 2020, Kacper (Polish Coworker) talked to Ebony to explain the harassment and hostile work environment in the department.

57. Ebony volunteered information to Kacper that the word on the street (at Defendant Company) is that Plaintiff's department was a crazy department and that managers had stated that she was insane to even join the team.

58. Ebony was informed that Plaintiff's department sleeps around and specifically that Plaintiff slept around with Ram.

59. Plaintiff was emotionally distraught about being defamed company wide and associated with Ram, who made her work life hell.

60. Ebony informed Plaintiff that QM does not report to HR at the KANMO site. That all the HR visits everyone did were off the record and that nothing ever happened.

61. In August of 2020, Plaintiff met with Bev from HR and again complained about everything including sexual harassment and hostile work environment.

62. Plaintiff was afraid to bring this accusation without any tangible proof.

63. Plaintiff was afraid of losing her job and of even more retaliation.

64. Plaintiff told Bev that she was afraid and that maybe they don't know that their behavior isn't tolerable, since all three are from Arabic speaking countries and Brazil.

65. Bev was the first person in HR who explained what a grievance form was, she did offer this to Plaintiff, but Plaintiff was afraid because she had no physical evidence and was afraid of further retaliation.

7

66. Plaintiff informed Bev that Ram and Munier have guns and that she lives within a 5-mile radius from Munier, without evidence, Plaintiff was afraid to bring up the sexual harassment charges.

67. Lastly, Ram worked as a linguist for the military and a sexual harassment complaint would ruin his career and Plaintiff was terrified of retaliation.

68. Plaintiff submitted this in writing and then shared with Bev, Dasha and Joanna that if anything bad were to happen to her, like rape or physical assault, the only people that would do that would be Ram, Caio or Munier, if not all three.

69. Plaintiff explained that she was afraid of them and their unpredictable behavior.

70. In September of 2020, Ram reported Plaintiff for leaving her computer unlocked.

71. IT Department Manager, Robert Stanton, was frustrated, because he knew of the harassment that Plaintiff was enduring and that that was the reason Ram chose to report her.

72. Robert told Plaintiff that he would get Anthony Case (second in command for the KANMO site) and Adam McQuarrie (Senior manager over KANMO) involved because the harassment and sexual harassment needed to stop.

73. That same day, Robert also told Plaintiff that he has her best interest and that she needs to get, "thick skin" because Adam was ready to fire the whole department and get a new team.

74. Robert also said that he could not get involved in the department.

75. Anthony and Adam did not follow-up with Plaintiff.

76. A few days after, Plaintiff's department received an E-mail from Ebony, the manager, stating that they were no longer allowed to communicate with any other departments.

77. In October of 2020, Ram, Munier and Caio were suspended or terminated for contacting CNN and attempting to expose Maximus for fraudulent activity, however, they were never

disciplined based on the many complaints of discrimination, retaliation and creation of a hostile work environment made against them.

78. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

79. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company's conduct.

80. Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to her right to be free from such discrimination under the MHRA.

**VI. Causes of Action**

<u>**COUNT I**</u>

<u>**NATIONAL ORIGIN DISCRIMINATION**</u>
<u>**AGAINST DEFENDANT COMPANY**</u>

81. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

82. Defendant Company's actions, as noted above, constituted national origin discrimination against Plaintiff in violation of the MHRA.

83. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to non-Ukrainian/Russian employees and, as such, Defendant Company's actions were in violation of the MHRA.

84. Defendant Company considered Plaintiff's national origin as a motivating factor in the

decision to continually allow her to be subjected to a hostile work environment, discriminated against and sexually harassed.

85. At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and they were done with malice and/or in reckless disregard of Plaintiff's Right to be free from illegal discrimination.

86. Defendant Company's actions were unlawful employment practices in violation of the MHRA.

87. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

## COUNT II

## SEX/GENDER DISCRIMINATION
## AGAINST DEFENDANT COMPANY

88. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

89. Plaintiff is an individual subject to the protection of the MHRA based upon the fact that she is a female and therefore a member of a protected class.

90. Defendant Company's actions, as noted above, constituted a pattern and/or practice of sex/gender discrimination against Plaintiff in violation of the MHRA.

91. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary, and capricious, and were unlawful employment practices in violation of the MHRA.

92. Based upon the foregoing, Plaintiff's sex/gender was a contributing factor in Defendant Company's decision to treat her differently than her similarly situated male co-workers by changing her numbers, allowing her to be subjected to a sexually hostile work environment, and failing to investigate her complaints of discrimination and sexual harassment.

93. At the time these actions were taken by Defendant Company, Defendant Company knew these actions were unlawful.

94. Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of discrimination against the Plaintiff that culminated in her disparate treatment and/or her constructive discharge/termination from employment.

95. Defendant Company's actions were unlawful employment practices in violation of the MHRA.

96. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

## COUNT III

## RETALIATION
## AGAINST DEFENDANT COMPANY

97. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

98. Plaintiff hereby alleges claims of retaliation against Defendant Company.

99. Defendant Company's actions, as noted above, constituted retaliation against Plaintiff in violation of the MHRA.

100.     Plaintiff's actions of complaining of what she believed to be acts in violation of the Missouri Human Rights Act as set forth herein was a motivating factor in the Defendant Company's decision to retaliate against her by treating her differently, subjecting her to a hostile work environment, subjecting her to a heightened level of scrutiny, and setting her up to fail.

101.     At the time these actions were taken, Defendant Company knew that their actions were unlawful, and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

102.     Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of retaliation against the Plaintiff.

103.     Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

<u>**COUNT VI**</u>

<u>**SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT**</u>
<u>**AGAINST DEFENDANT COMPANY**</u>

104.     Plaintiff hereby incorporates all prior paragraphs and attached exhibits as if fully set forth herein.

105.     Plaintiff hereby alleges sexual harassment/sexual hostile work environment against Defendant Company.

106.     Plaintiff's sex (female) was a contributing factor in Defendant Company's decisions to allow the existence of the aforementioned sexually hostile work environment directed at the Plaintiff.

107.     Defendant Company's actions, as noted above, constituted sexual harassment via the creation and allowed existence of a sexually hostile work environment to which Plaintiff was subjected in violation of the MHRA as Defendant Company and its supervisors were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Defendant Company's policy, as well as the Missouri Human Rights Act.

108.     Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and her sex, female, was a motivating factor in the creation and fostering of a sexually hostile work environment to which Plaintiff was subjected.

109. At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

110. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

<u>**COUNT V**</u>

<u>**HOSTILE WORK ENVIRONMENT BASED UPON NATIONAL ORIGIN/ ETHNIC ORIGIN AGAINST DEFENDANT COMPANY**</u>

111. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs and attached exhibits as if fully set forth herein.

112. Plaintiff hereby alleges racially hostile work environment against Defendant Company.

113. Plaintiff's national/ethnic origin (Ukranian/Russian) was a motivating factor in Defendant Company's decision to allow the existence of the aforementioned hostile work environment directed at the Plaintiff.

114. Defendant Company's actions, as noted above, constituted discrimination via the creation and allowed existence of a hostile work environment to which Plaintiff was subjected in violation of the MHRA as Defendant Company and its supervisors were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Missouri Human Rights Act.

115. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and his national/ethnic origin was a motivating factor in the decision to discriminate against him and to allow the creation and fostering of a hostile work environment to which Plaintiff was subjected.

116.    At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

117.    Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

**VII. Prayer for Relief**

118.    Wherefore, Plaintiff prays that this Court:

   a. declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;

   b. enjoin Defendant Maximus, Inc., and its managers/supervisors from engaging in such conduct;

   c. restore Plaintiff to her rightful position with Maximus, Inc. or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

   d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

   e. award Plaintiff compensatory, punitive and liquidated damages against Defendant Company;

   f. award Plaintiff damages for emotional pain and suffering;

   g. award Plaintiff her costs and attorneys' fees; and

   h. grant such other relief as it may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By: /s/ *Robin Koogler*
    Kevin Baldwin, MO Bar No. #49101
    Eric Vernon, MO Bar No. #47007
    Sylvia Hernandez, MO Bar No. #70670
    Robin Koogler, MO Bar No. #71979
    **BALDWIN & VERNON**
    108 S Pleasant St.
    Independence, MO 64050
    Tel: (816) 842-1102
    Fax (816) 842-1104
    Kevin@bvalaw.net
    Eric@bvalaw.net
    Sylvia@bvalaw.net
    Robin@bvalaw.net

    ATTORNEYS FOR PLAINTIFF

Electronically Filed - Platte - July 14, 2021 - 11:48 AM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | DEREK M. HOLLAND | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

June 23, 2021

Luba Koval
10723 N. Stark Ave.
Kansas City, MO 64157
*Via Complainant Attorney Email*

FE-12/20-32587
Administrative Use/Records

### NOTICE OF RIGHT TO SUE

RE:  Koval vs. Maximus, Inc.
FE-12/20-32587    563-2020-00608

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

| ☑ | ☐ | ☐ | ☐ |
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SKESTON OFFICE |
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, MO 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**PLAINTIFF'S EXHIBIT**
**1**

RE: Koval vs. Maximus, Inc.
FE-12/20-32587    563-2020-00608

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Maximus, Inc.
Human Resources Director
7930 NW 110th Street
Kansas City, MO  64153

Nathalie M. Ohanlan, Counsel
Maximus, Inc.
1892 Metro Center Drive
Reston, VA 20190

Kevin Baldwin
Baldwin & Vernon
108 S. Pleasant Street
Independence, MO 64050
*Via Email*

☑ JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov



## IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

### NOTICE
### SETTING ON CALENDAR

STATE OF MISSOURI     )
                              ) ss

COUNTY OF PLATTE      )

CASE NO:          21AE-CC00168
NATURE OF SUIT:  CC Employmnt Discrmntn 213.111

L KOVAL
Plaintiff/Petitioner

      v.

 MAXIMUS, INC
Defendant/Respondent

TO:

| L KOVAL<br>10723 N. STARK AVENUE<br>KANSAS CITY, MO 64157 | MAXIMUS, INC<br>SERVE RUDOLPH WE KRUSE 600 EMERSON RD, STE 124<br>CREVE COEUR, MO 63141 | ROBIN ANNE KOOGLER<br>108 S PLEASANT ST INDEPENDENCE, MO 64050 | |
| --- | --- | --- | --- |

       You are hereby notified that the referenced case has been set on the calendar as follows:

              Division:     DIVISION 1 COURT ROOM
              Date:        15-OCT-2021
              Time:        09:00 AM
              Setting:     90 DAY DOCKET CALL

Date:   14-JUL-2021

                              Kimberly K. Johnson
                              Circuit Clerk, Platte County



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | **Case Number:  21AE-CC00168** |
| Plaintiff/Petitioner:<br>L KOVAL | Plaintiff's/Petitioner's Attorney/Address<br>ROBIN ANNE KOOGLER<br>108 S PLEASANT ST<br>INDEPENDENCE, MO  64050 |
| vs. | |
| Defendant/Respondent:<br>MAXIMUS, INC | Court Address:<br>415 3RD STREET<br>SUITE 5 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | PLATTE CITY, MO  64079 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MAXIMUS, INC**
                          **Alias:**

**SERVE RUDOLPH WE KRUSE**
**600 EMERSON RD, STE 124**
**CREVE COEUR, MO  63141**

*COURT SEAL OF*

*PLATTE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| ___*Wednesday, July 14, 2021*___ | ___*/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.*___ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                                    Date                                                     Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 21-SMCC-321    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:21-cv-06099-RK   Document 1-2   Filed 08/26/21   Page 20 of 44

Electronically Filed - Platte - July 28, 2021 - 04:13 PM



7/26/21
0901
w/c

# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

SB
8-13

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | Case Number: 21AE-CC00168 |
| Plaintiff/Petitioner:<br>L KOVAL | Plaintiff's/Petitioner's Attorney/Address<br>ROBIN ANNE KOOGLER<br>108 S PLEASANT ST<br>INDEPENDENCE, MO 64050 |
| vs. | |
| Defendant/Respondent:<br>MAXIMUS, INC | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MAXIMUS, INC**
Alias:

**SERVE RUDOLPH WE KRUSE**
**600 EMERSON RD, STE 124**
**CREVE COEUR, MO 63141**

12 DEPOS W

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**PLATTE COUNTY**

| | |
|---|---|
| _Wednesday, July 14, 2021_<br>Date | /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.<br>Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
Nicole (name) _____ Receptionist
☐ other: _____

(address)
Served at 600 Emerson #124 _____
in St Louis (County/City of St. Louis), MO, on 7/27/21 (date) at 0921 (time).

_Scott DePolzo_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date

_____
Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (___ miles @ $.___ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-6388

7-23-21

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-327    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, and 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

| | | |
|---|---|---|
| **L. KOVAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  21AE-CC00168** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MAXIMUS FEDERAL SERVICES, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING OF FIRST AMENDED PETITION

COMES NOW Plaintiff, L. Koval, by and through her undersigned counsel of record, and pursuant to the Missouri Rules of Civil Procedure 55.33, hereby respectfully gives notice of its filing of the attached First Amended Petition in the above reference case, in order to correct the Defendant name, due to a scrivener's error. Plaintiff shows the Court the following:

1.     The Missouri Rules of Civil Procedure 55.33, states:

**(a)** A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

2.     Plaintiff's Petition was filed on July 14, 2021.

3.     It has been brought to Plaintiff's counsels' attention that the improper corporation was named.

1

4.  Pursuant to rule 55.33, "A pleading may be amended once as a matter of course at any time before a responsive pleading is served." In this case, no responsive pleading has been served.

5.  As such, Plaintiff may amend its pleading as a matter of course.

6.  No party will be prejudiced by amending the filing of Plaintiff's Petition, to add the correct Defendant name as the proper Defendant already has notice of this lawsuit.

WHEREFORE, Plaintiff respectfully gives notice of its filing of the attached First Amended Petition with its corrected Defendant name, attached hereof.

Respectfully submitted,

By: /s/ *Robin Koogler*
Kevin Baldwin, MO Bar #49101
Eric Vernon, MO Bar #47007
Sylvia Hernandez, MO Bar #70670
Robin Koogler, MO Bar #71979
**BALDWIN & VERNON**
108 S. Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net
Robin@bvalaw.net

**ATTORNEYS FOR PLAINTIFF**

**Certificate of Service**

I hereby certify that a copy of the foregoing was sent via electronic filing this 29th day of July 2021 to counsel of record.

2

By: _/s/ Robin Koogler_
Attorney for Plaintiff

3

# IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI

**L. KOVAL**                                        )
10723 N. Stark Ave.                              )
Kansas City, MO. 64157                        )
                                                          )
          **Plaintiff,**               )    **Case No.  21AE-CC00168**
                                                          )
**v.**                                                   )
                                                          )    **JURY TRIAL DEMANDED**
**MAXIMUS FEDERAL SERVICES, INC.**   )
7930 NW 110th St.                              )
Kansas City, Missouri 64153                )
                                                          )
    Serve:  CSC-Lawyers Incorporating   )
          Service Company              )
          221 Bolivar St.                  )
          Jefferson City, MO 65101    )
                                                          )
          **Defendant.**              )

## FIRST AMENDED PETITION

### I. Preliminary Statement

1.    COMES NOW, Plaintiff, L. Koval, by and through her attorneys of record, Kevin Baldwin, Eric Vernon, Sylvia Hernandez, and Robin Koogler of Baldwin & Vernon, and brings this cause of action against Defendant Maximus Federal Services, Inc., hereinafter referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees in accordance with R.S.M.o §213 *et. seq*., and under Missouri Common Law for Defendant Company's conduct and actions taken against Plaintiff.

### II. Jurisdiction

2.  Plaintiff is alleging claims of employment discrimination and retaliation under the Missouri Human Rights Act (MHRA), 213.010, *et seq*., R.S.MO., for discrimination based upon her sex/gender, national origin, hostile work environment, and retaliation.

1

3.   Jurisdiction is invoked pursuant to §213.010 *et seq*. R.S.MO.  A Right-To-Sue letter was issued by the Missouri Commission on Human Rights (MCHR) on June 23, 2021.  The Right-To-Sue Letter, including a copy of Plaintiff's original charges filed with the Equal Employment Opportunity Commission and the MCHR, is attached hereto as exhibit 1 and the facts and circumstances stated therein are hereby incorporated as if fully set forth herein.

4.   The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages, pursuant to §213.010 *et seq*. R.S.MO.  Costs and attorneys' fees may be awarded pursuant to §213.010 *et seq*. R.S.MO. and are requested by Plaintiff.

## III. Venue

5.   This action properly lies in the Circuit Court of Platte County, Missouri, at Independence, pursuant to §213.010 *et seq*. R.S.MO., because the claim arose in this judicial district, and because unlawful employment practices were committed in this judicial district.

## IV. Parties

6.   Plaintiff is a resident of the United States residing at 10723 N. Stark Ave. Kansas City, MO 64157.

7.   Defendant Maximus Federal Services, Inc., hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Platte County, Missouri, at relevant times referred to herein, and specifically at 7930 NW 110th St. Kansas City, MO 64153.  Defendant

Company is an employer within the meaning of §213.010, *et seq*., R.S.MO. Defendant Company is subject to the MHRA's prohibition on employment discrimination and retaliation for its employees.

8.  Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights to no avail and exhausted all required administrative procedures prior to filing this Petition for Damages.

**V. Facts Common to All Counts**

9.  Plaintiff, L. Koval, is a 37-year-old female, who worked for Maximus Federal Services, Inc. ("Defendant Company") from December 31, 2019, to October 15, 2020.

10. Plaintiff was subjected to discrimination based on her national origin, was retaliated against for reporting such discrimination and was subjected to a hostile work environment.

11. On or about December 31, 2019, there were 5 employees in Plaintiff's department, Daria (female), Ram Azawi (male), Munier Parisi (male), and Caio Maciel (male).

12. At first, everyone in the department got along well.

13. Then, the sexual harassment, unprofessional behavior and use of profane language began taking place.

14. Ram spoke of women as "second class" citizens, based on his world view as a man from the middle east. He used crude language to describe females and female body parts.

15. Ram essentially spoke of women as sex objects.

16. These conversations were completely inappropriate for the workplace and constituted sexual harassment and sex discrimination.

17. Caio talked about a Brazilian game that involves playing with soap in a tub, naked with two partners.

18. The first person that gets ahold of the soap wins.

19. Caio asked Plaintiff if she wanted to play "soap," which again was inappropriate for the workplace.

20. Plaintiff told Ram and Caio that these comments were utterly disrespectful and inappropriate.

21. Plaintiff did not report these actions to Human Resources immediately because she was a new employee and did not want to start any trouble.

22. Ram is a womanizer and his world views about women and their role in life disgusted and offended Plaintiff.

23. Plaintiff would get in heated debates with Ram regarding these issues.

24. Apparently, this turned Ram on to liking Plaintiff.

25. Plaintiff rejected Ram after he approached Plaintiff and asked for a date, and in retaliation, he co-conspired with two of our co-workers, Caio and Munier, to make Plaintiff's life miserable at work.

26. In February of 2020, Ram told Plaintiff that all he needs is one kiss to know if she is "the one."

27. Ram would comment when Plaintiff bent over to pick something up, "can you pick something else up" indicating that he enjoyed the sight of Plaintiff's rear-end.

28. Ram would also say things to Plaintiff like, "how long did it take you to get ready today, you look like it took you 30 minutes," implying that Plaintiff looked awful.

4

29. In April of 2020, Adonis Williams (former manager) became aware of the tension in the department, Plaintiff complained by saying what she was being subjected to and that the environment was becoming toxic. Adonis response to Plaintiff's complaint completely dismissed her allegations by saying, "I think he [meaning Ram] likes you."

30. Caio would approach Plaintiff on a number of occasions to try to convince her to give Ram a chance.

31. In retaliation for Plaintiff's continued denials, her coworkers would refuse to cooperate with her, which affected work production.

32. Plaintiff was dismissed by her coworkers throughout the contract.

33. Plaintiff's numbers for the day would be "accidentally removed" and not make the team production. Plaintiff was the only person that this would happen to.

34. In the end of May 2020, Sara and Joanna, the newer team members, were approached by Munier who told them to pick either "Plaintiff's side" or "our side."

35. When they did not agree with Munier, the women were ignored and experienced dismissiveness, just like Plaintiff.

36. Nearly every day, Caio exhibited obnoxious and bizarre behavior including angry outbursts, cussing and threats.

37. Ram, Munier and Caio would take turns going to HR to file reports against Plaintiff on a daily basis. This was confirmed by Bev and Whitney in HR.

38. In June of 2020, Plaintiff had a meeting with Ken, Loretta and Zainab where Plaintiff shared all of her complaints aside from the sexual harassment.

39. Plaintiff shared the hostility and the toxic behavior and reported that Ram, Caio and Munier would crucify her if they could, simply because she is a woman and has a strong leadership personality.

40. Ken and Loretta indicated that Plaintiff could come to them if she ever needed anything and that they would support her.

41. Ken and Loretta told Plaintiff that no one should feel like that at work.

42. Ken encouraged Plaintiff to apply for Adonis' position as Adonis spoke highly of Plaintiff.

43. Ken directed Plaintiff to go to KANMO Human Resources in the future.

44. On or about June 30, 2020, a new policy was put into effect stating that anyone who travelled out of state would have to quarantine for 14-days due to COVID-19.

45. Caio harassed the HR department regarding whether Plaintiff had left the state and where she had gone.

46. Caio created the narrative that Plaintiff was putting the department in danger due to not quarantining, making the assumption that Plaintiff had left the state.

47. In July of 2020, Plaintiff went to HR and explained the hostile work environment and that she was being harassed by the men in her department.

48. Whitney (HR) later told Plaintiff, "You are brave to come to work with a smile, in the midst of all you have endured."

49. In August of 2020, Ram told Joanna again how he wants to kiss Plaintiff, which made her feel uncomfortable.

50. Joanna complained to HR multiple times that Plaintiff was being harassed.

51. Caio openly expressed that if Plaintiff applied for the vacant Quality OP Manager position, he would not respect her and would even quit his job.

52. Instead, they all backed Jasmine, Ram's romantic partner, in applying for the position.

53. This was a conflict of interest and was reported to HR by several team members.

54. HR did not take notes or investigate the complaints of hostile work environment.

55. Plaintiff happens to be of a different national origin, Ukrainian/Russian, which can explain why Defendant Company HR completely ignored her complaints and did not take her seriously.

56. At the end of August 2020, Kacper (Polish Coworker) talked to Ebony to explain the harassment and hostile work environment in the department.

57. Ebony volunteered information to Kacper that the word on the street (at Defendant Company) is that Plaintiff's department was a crazy department and that managers had stated that she was insane to even join the team.

58. Ebony was informed that Plaintiff's department sleeps around and specifically that Plaintiff slept around with Ram.

59. Plaintiff was emotionally distraught about being defamed company wide and associated with Ram, who made her work life hell.

60. Ebony informed Plaintiff that QM does not report to HR at the KANMO site. That all the HR visits everyone did were off the record and that nothing ever happened.

61. In August of 2020, Plaintiff met with Bev from HR and again complained about everything including sexual harassment and hostile work environment.

62. Plaintiff was afraid to bring this accusation without any tangible proof.

63. Plaintiff was afraid of losing her job and of even more retaliation.

64. Plaintiff told Bev that she was afraid and that maybe they don't know that their behavior isn't tolerable, since all three are from Arabic speaking countries and Brazil.

7

65. Bev was the first person in HR who explained what a grievance form was, she did offer this to Plaintiff, but Plaintiff was afraid because she had no physical evidence and was afraid of further retaliation.

66. Plaintiff informed Bev that Ram and Munier have guns and that she lives within a 5-mile radius from Munier, without evidence, Plaintiff was afraid to bring up the sexual harassment charges.

67. Lastly, Ram worked as a linguist for the military and a sexual harassment complaint would ruin his career and Plaintiff was terrified of retaliation.

68. Plaintiff submitted this in writing and then shared with Bev, Dasha and Joanna that if anything bad were to happen to her, like rape or physical assault, the only people that would do that would be Ram, Caio or Munier, if not all three.

69. Plaintiff explained that she was afraid of them and their unpredictable behavior.

70. In September of 2020, Ram reported Plaintiff for leaving her computer unlocked.

71. IT Department Manager, Robert Stanton, was frustrated, because he knew of the harassment that Plaintiff was enduring and that that was the reason Ram chose to report her.

72. Robert told Plaintiff that he would get Anthony Case (second in command for the KANMO site) and Adam McQuarrie (Senior manager over KANMO) involved because the harassment and sexual harassment needed to stop.

73. That same day, Robert also told Plaintiff that he has her best interest and that she needs to get, "thick skin" because Adam was ready to fire the whole department and get a new team.

74. Robert also said that he could not get involved in the department.

75. Anthony and Adam did not follow-up with Plaintiff.

76. A few days after, Plaintiff's department received an E-mail from Ebony, the manager, stating that they were no longer allowed to communicate with any other departments.

77. In October of 2020, Ram, Munier and Caio were suspended or terminated for contacting CNN and attempting to expose Defendant Company for fraudulent activity, however, they were never disciplined based on the many complaints of discrimination, retaliation and creation of a hostile work environment made against them.

78. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

79. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company's conduct.

80. Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to her right to be free from such discrimination under the MHRA.

**VI. Causes of Action**

<u>**COUNT I**</u>

<u>**NATIONAL ORIGIN DISCRIMINATION**</u>
<u>**AGAINST DEFENDANT COMPANY**</u>

81. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

82. Defendant Company's actions, as noted above, constituted national origin discrimination against Plaintiff in violation of the MHRA.

83. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary

9

and capricious and constituted a disparity in treatment toward Plaintiff as compared to non-Ukrainian/Russian employees and, as such, Defendant Company's actions were in violation of the MHRA.

84.    Defendant Company considered Plaintiff's national origin as a motivating factor in the decision to continually allow her to be subjected to a hostile work environment, discriminated against and sexually harassed.

85. At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and they were done with malice and/or in reckless disregard of Plaintiff's Right to be free from illegal discrimination.

86. Defendant Company's actions were unlawful employment practices in violation of the MHRA.

87. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

<u>**COUNT II**</u>

<u>**SEX/GENDER DISCRIMINATION**</u>
<u>**AGAINST DEFENDANT COMPANY**</u>

88. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

89. Plaintiff is an individual subject to the protection of the MHRA based upon the fact that she is a female and therefore a member of a protected class.

90. Defendant Company's actions, as noted above, constituted a pattern and/or practice of sex/gender discrimination against Plaintiff in violation of the MHRA.

91. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary, and capricious, and were unlawful employment practices in violation of the MHRA.

10

92. Based upon the foregoing, Plaintiff's sex/gender was a contributing factor in Defendant Company's decision to treat her differently than her similarly situated male co-workers by changing her numbers, allowing her to be subjected to a sexually hostile work environment, and failing to investigate her complaints of discrimination and sexual harassment.

93. At the time these actions were taken by Defendant Company, Defendant Company knew these actions were unlawful.

94. Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of discrimination against the Plaintiff that culminated in her disparate treatment and/or her constructive discharge/termination from employment.

95. Defendant Company's actions were unlawful employment practices in violation of the MHRA.

96. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

**COUNT III**

**RETALIATION**
**AGAINST DEFENDANT COMPANY**

97. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

98. Plaintiff hereby alleges claims of retaliation against Defendant Company.

99. Defendant Company's actions, as noted above, constituted retaliation against Plaintiff in violation of the MHRA.

100. Plaintiff's actions of complaining of what she believed to be acts in violation of the Missouri Human Rights Act as set forth herein was a motivating factor in the Defendant Company's decision to retaliate against her by treating her differently, subjecting her to a hostile

work environment, subjecting her to a heightened level of scrutiny, and setting her up to fail.

101.     At the time these actions were taken, Defendant Company knew that their actions were unlawful, and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

102.     Defendant Company's actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of retaliation against the Plaintiff.

103.     Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

**COUNT VI**

**SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT COMPANY**

104.     Plaintiff hereby incorporates all prior paragraphs and attached exhibits as if fully set forth herein.

105.     Plaintiff hereby alleges sexual harassment/sexual hostile work environment against Defendant Company.

106.     Plaintiff's sex (female) was a contributing factor in Defendant Company's decisions to allow the existence of the aforementioned sexually hostile work environment directed at the Plaintiff.

107.     Defendant Company's actions, as noted above, constituted sexual harassment via the creation and allowed existence of a sexually hostile work environment to which Plaintiff was subjected in violation of the MHRA as Defendant Company and its supervisors were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Defendant Company's policy, as well as the Missouri Human Rights Act.

108.     Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and her sex, female, was a motivating factor in the creation and fostering of a sexually hostile work environment to which Plaintiff was subjected.

109.     At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

110.     Plaintiff has been damaged by Defendant Company's unlawful employment actions.

<u>**COUNT V**</u>

<u>**HOSTILE WORK ENVIRONMENT BASED UPON NATIONAL ORIGIN/ ETHNIC ORIGIN AGAINST DEFENDANT COMPANY**</u>

111.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs and attached exhibits as if fully set forth herein.

112.     Plaintiff hereby alleges racially hostile work environment against Defendant Company.

113.     Plaintiff's national/ethnic origin (Ukranian/Russian) was a motivating factor in Defendant Company's decision to allow the existence of the aforementioned hostile work environment directed at the Plaintiff.

114.     Defendant Company's actions, as noted above, constituted discrimination via the creation and allowed existence of a hostile work environment to which Plaintiff was subjected in violation of the MHRA as Defendant Company and its supervisors were aware of the illegal acts of its employees and managers, and did not take action to stop or prevent the acts that violated the Missouri Human Rights Act.

115.     Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff and his national/ethnic origin was a motivating factor in the decision to discriminate against him and to allow the creation and fostering of a hostile work environment to which Plaintiff was subjected.

116.     At the time these actions were taken by Defendant Company, Defendant Company knew that these actions were unlawful and Defendant Company's actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

117.     Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

**VII. Prayer for Relief**

118.     Wherefore, Plaintiff prays that this Court:

a.  declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;

b.  enjoin Defendant Maximus Federal Services, Inc., and its managers/supervisors from engaging in such conduct;

c.  restore Plaintiff to her rightful position with Maximus Federal Services, Inc. or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

d.  award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

e.  award Plaintiff compensatory, punitive and liquidated damages against Defendant Company;

Electronically Filed - Platte - July 29, 2021 - 11:30 AM

f.   award Plaintiff damages for emotional pain and suffering;

g.   award Plaintiff her costs and attorneys' fees; and

h.   grant such other relief as it may deem just and proper.

### **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By: /s/ *Robin Koogler*
   Kevin Baldwin, MO Bar No. #49101
   Eric Vernon, MO Bar No. #47007
   Sylvia Hernandez, MO Bar No. #70670
   Robin Koogler, MO Bar No. #71979
   **BALDWIN & VERNON**
   108 S Pleasant St.
   Independence, MO 64050
   Tel: (816) 842-1102
   Fax (816) 842-1104
   Kevin@bvalaw.net
   Eric@bvalaw.net
   Sylvia@bvalaw.net
   Robin@bvalaw.net

   ATTORNEYS FOR PLAINTIFF



Electronically Filed - Platte - July 29, 2021 - 11:30 AM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON** | **ANNA S. HUI** | **DEREK M. HOLLAND** | **ALISA WARREN, PH.D.** |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

June 23, 2021

Luba Koval
10723 N. Stark Ave.
Kansas City, MO 64157
*Via Complainant Attorney Email*

FE-12/20-32587
Administrative Use/Records

## NOTICE OF RIGHT TO SUE

RE:  Koval vs. Maximus, Inc.
     FE-12/20-32587     563-2020-00608

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

| ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|
| **JEFFERSON CITY OFFICE** | **ST. LOUIS OFFICE** | **KANSAS CITY OFFICE** | **SKESTON OFFICE** |
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, MO 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

**PLAINTIFF'S EXHIBIT**
**1**

RE:  Koval vs. Maximus, Inc.
FE-12/20-32587   563-2020-00608

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Maximus, Inc.
Human Resources Director
7930 NW 110th Street
Kansas City, MO  64153

Nathalie M. Ohanlan, Counsel
Maximus, Inc.
1892 Metro Center Drive
Reston, VA 20190

Kevin Baldwin
Baldwin & Vernon
108 S. Pleasant Street
Independence, MO 64050
*Via Email*

☑ JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

**BALDWIN ⚖ VERNON**

**Kevin Baldwin\*†**
**Eric Vernon\*‡**
**Sylvia Hernandez**
**Robin Koogler**

*Licensed: Mo;  \*Kansas; †Iowa ‡Illinois*

www.baldwinvernon.com

July 29, 2021

Plate County Circuit Court
Attn: Civil Clerk

     **Re:** *L. Koval v. Maximus Federal Federal Services, Inc.*
       **18AE-CC00202**

To whom it may concern:

  We would like to request a new subpoena in regard to our amended petition..

  Your cooperation and assistance in this regard are, and have been, greatly appreciated.

       Very truly yours,
       **BALDWIN &VERNON**

       By:/s/ Robin Koogler

RK/wb

**108 S. Pleasant Street • Independence, Missouri • 64050**
**Phone: (816) 842-1102 • Fax: (816) 842-1104**
Kevin@bvalaw.net
Case 5:21-cv-06099-RK   Document 1-2   Filed 08/26/21   Page 42 of 44



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | **Case Number:  21AE-CC00168** |
| Plaintiff/Petitioner:<br>L KOVAL | Plaintiff's/Petitioner's Attorney/Address<br>ROBIN ANNE KOOGLER<br>108 S PLEASANT ST<br>INDEPENDENCE, MO  64050 |
| vs. | |
| Defendant/Respondent:<br>MAXIMUS FEDERAL SERVICES, INC | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO  64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MAXIMUS FEDERAL SERVICES, INC**
**Alias:**

R/A CSC Lawyers Inc
221 Bolivar St
Jefferson City, MO  65101

**COURT SEAL OF**

**PLATTE COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| ____*Friday, July 30, 2021*____<br>Date | _/s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C._<br>Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                  Date                                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-348     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:21-cv-06099-RK   Document 1-2   Filed 08/26/21   Page 43 of 44

# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

**F I L E D**

**AUG 1 6 2021**

KIMBERLY K. JOHNSON
Clerk of the Circuit Court Platte County, MO

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | Case Number: 21AE-CC00168 |
| Plaintiff/Petitioner:<br>L KOVAL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ROBIN ANNE KOOGLER<br>108 S PLEASANT ST<br>INDEPENDENCE, MO 64050 |
| Defendant/Respondent:<br>MAXIMUS FEDERAL SERVICES, INC | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**R E C E I V E D**

**AUG 06 2021**

COLE COUNTY
SHERIFF'S OFFICE
(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: MAXIMUS FEDERAL SERVICES, INC**
**Alias:**

R/A CSC Lawyers Inc
221 Bolivar St
Jefferson City, MO 65101

*COURT SEAL OF*

**PLATTE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| _Friday, July 30, 2021_<br>Date | /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.<br>Clerk |
|---|---|

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers, S.C. (name) designee (title).

☐ other: _____

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 08-09-2021 (date) at 800AM (time).

Sheriff John P Wheeler by FA Annie Wray

Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
Date _____ Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

5328
25

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-348**          1 of 1          Civil Procedure Form No. 1; Rules 54.01 – 54.05,

Case 5:21-cv-06099-RK   Document 1-2   Filed 08/26/21   Page 44 of 45   and 54.13, 506.120 – 506.140, and 506.150 RSMo